Dear Mayor Beard:
Concerning your recent correspondence to this office, please note the provisions of R.S. 42:6 and 42:6.1 of the Louisiana Open Meetings Law are pertinent and provide, respectively:
 § 6. Executive Sessions
 A public body may hold executive sessions upon an affirmative vote, taken at an open meeting for which notice has been given pursuant to R.S. 42:7, of two thirds of its constituent members present. An executive session shall be limited to matters allowed to be exempted from discussion at open meetings by R.S. 42:6.1; however, no final or binding action shall be taken during an executive session. The vote of each member on the question of holding such an executive session and the reason for holding such an executive session shall be recorded and entered into the minutes of the meeting. Nothing in this Section or R.S. 42:6.1
shall be construed to require that any meeting be closed to the public, nor shall any executive session be used as a subterfuge to defeat the purposes of R.S. 42:4.1 through R.S. 42:8.
 * * * * *
 A. A public body may hold an executive session pursuant to R.S. 42:6 for one or more of the following reasons:
 (1) Discussion of the character, professional competence, or physical or mental health of a person, provided that such person is notified in writing at least twenty-four hours before the meeting and that such person may require that such discussion be held at an open meeting, and provided that nothing in this Subsection shall permit an executive session for discussion of the appointment of a person to a public body. In cases of extraordinary emergency, written notice to such person shall not be required; however, the public body shall give such notice as it deems appropriate and circumstances permit.
 (2) Strategy sessions or negotiations with respect to collective bargaining, prospective litigation after formal written demand, or litigation when an open meeting would have a detrimental effect on the bargaining or litigating position of the public body.
 (3) Discussion regarding the report, development, or course of action regarding security personnel, plans, or devices.
 (4) Investigative proceedings regarding allegations of misconduct.
 (5) Cases of extraordinary emergency, which shall be limited to natural disaster, threat of epidemic, civil disturbances, suppression of insurrections, the repelling of invasions, or other matters of similar magnitude.
 (6) Any meeting of the State Mineral Board at which records or matters entitled to confidential status by existing law are required to be considered or discussed by the board with its staff or with any employee or other individual, firm, or corporation to whom such records or matters are confidential in their nature, and are disclosed to and accepted by the board subject to such privilege, for the exclusive use in evaluating lease bids or development covering state-owned lands and water bottoms, which exception is provided pursuant to and consistently with the Public Records Act, being Chapter I of Title 44 of the Louisiana Revised Statutes of 1950, as amended, and other such statutes to which the board is subject.
 (7) Discussions between a city or parish school board and individual students or the parents or tutors of such students, or both, who are within the jurisdiction of the respective school system, regarding problems of such students or their parents or tutors; provided however that any such parent, tutor, or student may require that such discussions be held in an open meeting.
 (8) Or any other matters now provided for or as may be provided for by the legislature.
 B. The provisions of R.S. 42:4.1 through R.S. 42:12
shall not apply to judicial proceedings.
 C. The provisions of R.S. 42:4.1 through R.S. 42:12
shall not prohibit the removal of any person or persons who willfully disrupt a meeting to the extent that orderly conduct of the meeting is seriously compromised.
 D. The provisions of R.S. 42:7 and R.S. 42:7.1 shall not apply to any meeting of a private citizens' advisory group or a private citizens' advisory committee established by a public body, when the members of such group or committee do not receive any compensation and serve only in an advisory capacity, except textbook advisory committees of the State Department of Education or the Board of Elementary and Secondary Education. However, all other provisions contained in R.S. 42:4.1 through 42:12 shall be applicable to such group or committee and the public body which established such group or committee shall comply with the provisions of R.S. 42:7 in providing the required notice of meetings of such group or committee.
The statutes quoted above govern your general inquiry regarding the law relevant to executive sessions of public bodies.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams